UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-40

| | |
|---|---|
| **POLICE PRIORITY, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )　　　ORDER |
| | ) |
| **I-VIEW NOW, LLC,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Motion to Dismiss, Stay, or in the Alternative Transfer to the District of Nevada. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

**I.     Background**

Defendant is a Nevada company with a principal place of business in Nevada. Plaintiff is a Delaware corporation with a principal place of business in North Carolina. On October 5, 2017, defendant filed suit in the United States District Court for the District of Nevada, alleging patent infringement. On January 25, 2018, plaintiff filed a motion to dismiss for improper venue in the Nevada action; concurrently, plaintiff filed this declaratory judgment action in this district.

Here, defendant argues that plaintiff's declaratory relief action is merely an impermissible attempt to change venue. Defendant also argues that personal jurisdiction is lacking, as defendant's only contact with plaintiff in North Carolina was a customary letter sent to plaintiff to inform them of defendant's rights. As such, defendant argues that this action should be dismissed, or at least transferred to the District of Nevada with the first action.

## II. Legal Standard

A motion to dismiss "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To survive such motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," as "threadbare recitals of the elements of a cause of action supported by mere conclusory statements" are insufficient. Id.; see also Twombly, 550 U.S. at 547 (complaints fail when plaintiffs "have not nudged their claims across the line from conceivable to plausible"); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011).

Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). Such statement does not require "specific facts," but need only give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 544). For purposes of the motion, the factual allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party, Coleman v. Md. Court of Appeals, 6266 F.3d 187, 189 (4th Cir. 2010), though the court need not accept "unwarranted inferences" or "unreasonable arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court also notes that "[a] Rule 12(b)(6) motion 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Pisgah Laboratories, Inc. v. Mikart, Inc., 2015 WL 996609, at *2 (W.D.N.C. Mar. 5, 2015) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

In the context of an action for declaratory relief tied to a patent infringement action, "[r]esolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by this circuit's law." Futurewei Technologies, Inc. v. Acacia Research Corp., 737 F.3d 704, 708 (citing Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005)). In such matters, the Federal Circuit has instituted a first-to-file rule, in order "to avoid conflicting decisions and promote judicial efficiency." Id. (citing Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1299 (Fed. Cir. 2012)); see also Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 1081 (Fed. Cir. 1993) (holding that "the forum of the first-filed case is favored" and that such deference to the first-filed case may not be set aside absent a "sound reason that would make it unjust or inefficient to continue the first-filed action").

As for jurisdiction, Federal Circuit law will apply in determining what level of conduct is sufficient to trigger a finding of personal jurisdiction. Avocent Huntsville Corp. v. Aten Int'l Co., Ltd., 552 F.3d 1324, 1328 (Fed. Cir. 2008). Essentially, the proper inquiry is whether the exercise of personal jurisdiction violates due process, and the Federal Circuit has adopted a three-prong test (similar to that of other circuits) for whether jurisdiction is proper: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." New World International, Inc. v. Ford Global Technologies, LLC, 859 F.3d 1032, 1037 (Fed. Cir. 2017) (citations and quotations omitted).

**III.    Discussion**

After reviewing the pleadings in this matter, the court must agree with defendant that transfer is warranted. First, plaintiff's argument on the first-to-file rule is unavailing. Essentially,

plaintiff's argument is that Nevada is an improper venue, so the original action must fail; as the original action must fail, it cannot be used to justify use of the first-to-file rule. However, such arguments appear to simply re-litigate the venue issue currently being litigated in the District of Nevada; doing so contravenes the express purpose (namely, judicial efficiency and avoiding conflicting decisions) of the first-to-file rule. Such an argument cannot be said to be a "sound reason" for disregarding the first-to-file rule. Genentech, Inc., 998 F.2d at 1081. Most important of all, the Federal Circuit has already ruled on this exact issue: "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." Futurewei, 737 F.3d at 708 (citing Merial Ltd., 681 F.3d at 1299). As such, the court finds that transfer is appropriate.

Further, even accepting plaintiff's venue arguments as true -- and eliminating the original action in Nevada from consideration -- the court cannot assert personal jurisdiction over defendant. Again, the Federal Circuit has a three-prong test for whether personal jurisdiction is justified, and has already held that sending cease-and-desist letters satisfies the first prong, but not the third; indeed, the Federal Circuit has specifically found that it is "improper to predicate personal jurisdiction on the act of sending ordinary cease and desist letters into a forum, without more." New World International, Inc., 859 F.3d at 1037 (citing Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360-61 (Fed. Cir. 1998) (holding that "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum")); see also Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785, 789 (Fed. Cir. 2011); Breckenridge Pharm. Inc. v.

Metabolite Labs., Inc., 444 F.3d 1356, 1363 (Fed. Cir. 2006); Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997).

Here, it is well-established that defendant's only contact in North Carolina with plaintiff is the pair of cease-and-desist letters defendant sent to inform plaintiff of defendant's rights and the alleged infringement of those rights. Plaintiff has failed to allege any other contacts defendant has had with this forum, and instead appears to rely solely on the fact that North Carolina is plaintiff's home forum. However, filing in "one's home forum cannot, of itself, create minimum contacts with the forum [a party] wishes to avoid." Paramount Pictures Corp. v. Nissim Corp., 2014 WL 5528455 at *5 (C.D. Cal. Nov. 3, 2014). Without more, the court cannot find for viable personal jurisdiction over defendant. Thus, the court will transfer this matter to the District of Nevada for resolution alongside the original action, as such action is well-supported by Federal Circuit case law.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss, Stay, or in the Alternative Transfer to the District of Nevada (#4) is **GRANTED** and this matter is **TRANSFERRED** to the United States Court for the District of Nevada for further proceedings.

Signed: August 6, 2018

Max O. Cogburn Jr.
United States District Judge